## Case No. 4,026.

### DOUGHTY v. DAY et al.

[5 Fish. Pat. Cas. 224;[1] 9 Blatchf. 262.]

Circuit Court, S. D. New York. Dec. 26, 1871.

PATENTS—VALIDITY—CONSTRUCTION—INFRINGE-MENT—SKIRT HOOPS.

1. The letters patent for an "improvement in skirt hoops," granted to L. A. Osborn and I. J Vincent, as assignees of Robert J. Mann, the inventor, June 22, 1858, are valid, so far as the second claim is concerned, namely, "Securing the hoop, d, to the perpendicular straps, by means of small clamps, constructed as herein described."

2. Although the specification states that the nature of the improvement which is the subject-matter of the second claim, consists in the peculiar manner of fastening the hoops "to the perpendicular straps, by means of a small clamp, the said clamp being made with teeth, or otherwise," yet, taking the drawings and the description together, no one would, from them, use clamps without teeth to fasten the hoops to the perpendicular straps.

3. Increasing the number of teeth, and adding another feature to the clamp, while it still has teeth which, after passing through the strap, are clinched, and embrace the hoop, is nevertheless, an infringement of the said second claim.

Mann.

Final hearing on pleadings and proofs.

Suit in equity [by Samuel H. Doughty against Theodore D. Day and Gilbert Horton] brought upon letters patent [No. 20,681] for an "improvement in skirt hoops," granted June 22, 1858, to L. A. Osborn and I. J. Vincent, as assignees of the inventor. Robert J. Mann. The facts are sufficiently stated in the opinion, and will be readily understood by reference to the accompanying en-

gravings, one of which represents the Mann fastening, and the other that of Wallace. It will be seen that the teeth in the Mann clasp pass through the tape, and are clinched on the other side. Those of the Wallace clasp do not pass through the tape. The clasp used by defendants contained more teeth than that of Mann, resembling in this respect the Wallace clasp, but the teeth were larger, and penetrated the tape, and were clinched on the reverse side.

Stephen D. Law, for complainant.

John B. Staples, for defendants.

Wallace.

BLATCHFORD, District Judge. This suit is brought on letters patent granted to L. A. Osborn and I. J. Vincent, as assignees of Robert J. Mann, the inventor, June 22, 1858, for an "improvement in skirt hoops." The plaintiff is the owner of the patent, by assignment, for all of the United States, except the state of Rhode Island.

Only the second claim of the patent is involved in this suit, there being three claims in all. In regard to the subject matter of the second claim, the specification says that the nature of the improvement consists in the peculiar manner of fastening the hoops of ladies' skirts "to the perpendicular straps, by means of a small clamp, the said clamp being made with teeth, or otherwise." It also says that, having made fast the perpendicular straps to the waistband, by means of eyelets or sewing, and the hoops being stretched over a frame similar in shape to the skirt, when the straps and waistband are put on the frame, the straps being brought down over the hoops, it is only necessary to press the teeth of the clamp through the strap,

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

and clinch the same on the inside, to secure the hoop firmly in its place; and that, by this manner of fastening the hoop, half the time is saved that would be occupied in sewing the hoops to the straps. There are nine figures or drawings. Figure 2 is a perspective view of a section of the hoop, d, and perpendicular supporting strap, b, and also showing the manner in which the said hoop is made fast to the strap, b. That manner, as the specification states, and as is shown in figure 3 of the drawings, is by means of a clamp with teeth, which pass through the strap, and are clinched on the inside, so as to embrace the hoop. The second claim is in these words: "Securing the hoop, d, to the perpendicular straps, by means of small clamps, constructed as herein described."

Criticism is made by the defendants on the fact that the specification, in stating the nature of the improvement, says that the clamp, which fastens the hoops to the perpendicular straps, is to be made with teeth, or otherwise; and that it is impossible to so fasten them unless the clamps have teeth. But the drawings and description must all be taken together; and, so viewing them, it is apparent that no person would or could, from them, use clamps without teeth to fasten the hoops to the perpendicular straps. A clamp is shown without teeth, also one with teeth on one side of it, and another with teeth on both sides of it. The clamp with teeth on one side of it is manifestly for use on the lower hoop of the skirt, where the perpendicular straps terminate, and where teeth are necessary only on the upper side of that hoop, there being no strap below that hoop for any teeth to penetrate. The clamp with teeth on both sides of it is for use at the junction of the other hoops with the straps, where the straps extend both above and below the hoop. The clamp without teeth is stated to be for the purpose of fastening extra hoops to the two upper circular hoops on the back of the skirt, so as to form a corrugated bustle. There is no difficulty in construing the second claim in accordance with what appears to have been the actual invention, that is, securing the hoops to the perpendicular straps, by means of small clamps, constructed with teeth on both sides or on one side, accordingly as the clamps are used on the lower hoop or on the other hoops, as shown in the description and drawings, the teeth passing through the strap and being clinched on the inside, so as to embrace the hoop.

The drawings of the plaintiff's patent show clamps which, where the teeth are on each side, have two teeth on each side; and, where the teeth are on only one side, have three teeth on that side. The defendants, in their clamps, have increased the number of teeth to four on each side, where there are teeth on each side, and to four where there are teeth on only one side. The teeth, after passing through the strap, are clinched, and embrace

the hoop. The clamps also have projections above and below, at each end of their length, which are clinched around the hoop, without passing, as teeth, through the strap. There can be no doubt that this arrangement is an infringement of the second claim of the plaintiff's patent. Increasing the number of teeth which pass through the strap and are clinched, does not avoid infringement; nor does the addition of the clinched projections avoid it. The use of teeth on the clamp, passing through the strap, and clinched around the hoop, is the essence of the invention, the teeth, when they pass through the strap, being at right angles to the plate of the clamp, and being, when clinched to their final position, in a plane parallel with such plate. The words, "constructed as herein described," in the claim, mean arranged as described when in the final position, securing the hoop to the strap.

In this view, the letters patent to David Holmes, granted June 15, 1858, and the letters patent to Thomas Wallace, Jr., granted June 15, 1858, contain nothing in conflict with the invention of Mann, even if the invention shown in those patents antedated Mann's invention. The patent to Holmes shows a clamp which has no teeth penetrating the strap and then clinched around the hoop. The patent to Wallace shows a clamp which, before it is applied, is, in substance, the same in shape and construction as the defendants' clamp, except as to the size and number of the teeth. But the specification of the patent describes the projections, above and below, at each end of the length of the clamp, as bent over the hoop outside of the tape or strap, on each side of its width, and closed tightly on the hoop, and securing the clamp firmly to the hoop, while the teeth, penetrating the tape or strap, secure the latter. The teeth, although they penetrate the tape, are not clinched around the hoop. The specification states that the space in the length of the clamp occupied by the teeth is equal to the width of the tape forming the strap, and that the teeth are sharp, and that the part of the plate of the clamp from which the teeth project is of a width a little greater than the width of the hoop, and that the projections at the ends and the teeth are turned up at right angles to the face of the clamp, so as to leave the space of a width to receive the hoop. The drawings show three views of the teeth, two of which show twelve teeth on each side, and the other shows sixteen teeth on each side. There is nothing in the description or drawings to indicate that the teeth were to be clinched after penetrating the tape. The smallness of the teeth, their number, their proportion in size to the size of the clinched projections, and the general arrangement of the clamp when in final position, show that no clinching of the teeth, after penetration, was intended; and it is very doubtful whether such and so many teeth as are shown could be clinch-

ed with any advantage or effect, much less with any compared with the expense and trouble, or whether the clinching of penetrating teeth on a clamp, to secure the hoop to the tape, would be suggested to any one by seeing the teeth on the clamp of Wallace. Independently of this, Wallace is not shown to antedate Mann. The specification accompanying Wallace's application for his patent is sworn to May 13, 1858. The date of Mann's invention is carried back by the evidence to as early at least as May 1, 1858.

The oral testimony as to prior inventions satisfactorily shows nothing which anticipates Mann's invention. What Joseph Thomas did was a mere experiment, which came to nothing. This is also true of all that David Holmes did, except what is contained in his patent, before considered.

As to the various clasps or clamps testified to by Antoine Schlumpf and Theodore Schmidt, as having been made, used, and sold by Schmidt, neither the first form nor the second form, if they were prior to Mann's invention, were the same thing as that invention. The first form had no teeth. The second form was like the clamp in Wallace's patent. Schlumpf says it was useless, because it cut the tapes: and, undoubtedly, Wallace's clamp was, for the same reason, useless. As to the third form testified to by Schlumpf and Schmidt, called the "spangle," with one tooth on each side, the evidence does not establish with that degree of certainty which is necessary, that it anticipated Mann. Independently of the material contradictions between Schlumpf and Schmidt, the evidence on the part of the defendants is preponderating to show that no skirts with spangles were made by Schmidt prior to Mann's invention. This view is strongly corroborated by the fact that the most extensive hoop-skirt dealers knew of no skirts with clamps having teeth which penetrated the tapes and were clinched around the hoops on the other side, until they saw the clamp of Mann, and that they took licenses to manufacture under the plaintiff's patent in 1859. The case is entirely free from doubt, and there must be a decree for the plaintiff, as to the second claim of the patent, for a perpetual injunction and an account of profits, with costs.